IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP BLAIR JONES,

    Petitioner,                        No. CIV S-11-1006 JAM GGH P

    vs.

KNIPP,

    Respondent.                      FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's June 24, 2011, motion to dismiss on the grounds that this action is barred by the statute of limitations.  Doc. 14. Petitioner filed an opposition on July 12, 2011, and respondent filed a reply.  Docs. 18, 19.  For the reasons that follow it is recommended that the motion to dismiss be granted.

II. Motion to Dismiss

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner entered a negotiated plea and was sentenced to a prison term of fifteen years to life for forcible oral copulation against young female family members. Motion to Dismiss (MTD), Lod. Doc. 1. On June 23, 2009, the California Court of Appeal, Third Appellate District, modified petitioner's fine, but affirmed the judgment. Lodged Document (Lod. Doc.) 1. Petitioner did not seek review in the California Supreme Court. Therefore, the Court of Appeal decision became final on July 23, 2009. Cal. Ct. R. 8.366(b)(1) ("[A] Court of Appeal decision in a proceeding under [the Criminal Appeals Chapter] ... is final in that court 30 days after filing."). The conviction itself became final 10 days later on August 2, 2009, upon the expiration of time to seek review in the California Supreme Court. Cal. Ct. R. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

Time began to run the next day, on August 3, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until August 2, 2010, to file a timely federal petition, absent applicable tolling. The instant action, filed April 14, 2011,[1] is not

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro

2

timely unless petitioner is entitled to statutory or equitable tolling.[2]

       Petitioner filed three state post-conviction collateral actions:

    1. April 3, 2010: First habeas petition filed in Butte County Superior Court. Lod. Doc. 2. The petition was denied on April 6, 2010. Lod. Doc. 3

    2. July 1, 2010: Second habeas petition filed in California Court of Appeal, Third Appellate District. Lod. Doc. 4. The petition was denied on July 15, 2010, without comment or citation. Lod. Doc. 5.

    3. August 21, 2010: Third habeas petition filed in the California Supreme Court. Lod. Doc. 6. The petition was denied on March 16, 2011, with citations to People v. Duvall (1995) 9 Cal. 4th 464, 474; In re Swain (1949) 34 Cal.2d 300, 304. Lod. Doc. 7.

Petitioner filed the instant petition on April 14, 2011.

    Statutory Tolling

       Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846 (2006).

       The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414.

---

se prisoner who delivers habeas petition to prison officials for the court within limitations period).

[2] Petitioner's federal writ does not indicate when it was mailed but was received by the court on April 14, 2011.

1  Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

2  Petitioner's first state petition was filed on April 3, 2010, eight months after the conviction became final and was denied on April 6, 2010. Petitioner will receive tolling for the four days the petition was pending, therefore the new date to timely file a federal petition was August 6, 2010. The petition was denied in a somewhat reasoned opinion concluding that the allegations were insufficient to allow for intelligent consideration of the issues with a reference to In re Swain (1949) 34 Cal.2d 300, 303-04, and that petitioner failed to state with particularity the facts upon which relief should be granted and/or failed to include copies of reasonably available documentary evidence to support the claim, with a reference to People v. Duvall (1995) 9 Cal. 4th 464, 474.[3] Lod. Doc. 3

Petitioner filed his second state petition on July 1, 2010, nearly three months after the prior denial. Petitioner is not entitled to statutory tolling for the nearly three month delay between the denial of his first petition and the filing of the second petition. See Evans v. Chavis, 546 U.S. 189, 201, 126 S.Ct. 846 (2006); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir. 2005) (petitioner not entitled to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months, and 10 months, given length of delays, lack of clear statement from California legislature or courts that delays of such length were reasonable, and lack of explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the next petition constituted unreasonable delays such that the intervals cannot be tolled under Chavis). However, petitioner will receive tolling for the 15 days the petition was pending before it was denied on July 15, 2010, without comment or citation. Therefore the new date to timely file a federal

---

[3] The Butte County Superior Court opinion consists of three pages with 24 numbered paragraphs and boxes next to them. The petition is denied based on the reasons of the boxed paragraphs that are checked. The reasons described above correspond with the two paragraphs that were checked.

1 petition was August 21, 2010.

2       Petitioner's final state petition was filed on August 21, 2010, with the California
3 Supreme Court which denied the petition with citations to People v. Duvall (1995) 9 Cal. 4th
4 464, 474 and In re Swain (1949) 34 Cal.2d 300, 304, on March 16, 2011.  Whether petitioner
5 receives tolling for this state court petition is determinative if the instant federal petition is timely
6 or time barred.

7       Respondent argues that these citations indicate that the California Supreme Court
8 denied the petition on the ground that petitioner delayed too long in seeking habeas relief.  The
9 undersigned disagrees.  The Superior Court petition was denied with the same citations and also
10 correctly explained that these citations stand for the notion that petitioner's allegations are vague,
11 conclusory and unsupported and/or failed to include copies of reasonably available documentary
12 evidence. Lod. Doc. 3.  The issue remains if this petition was 'properly filed' for purposes of
13 statutory tolling.

14       In Artuz v. Bennett, the Supreme Court construed the meaning of 'properly filed'
15 as follows:

> [A]n application is "properly filed" when its delivery and acceptance are in
> compliance with the applicable laws and rules governing filings.  These usually
> prescribe, for example, the form of the document, the time limits upon its
> delivery, the court and office in which it must be lodged, and the requisite filing
> fee.... But in common usage, the question whether an application has been
> "properly filed" is quite separate from the question whether the claims contained
> in the application are meritorious and free of procedural bar.

20 531 U.S. 4, 8-9, 121 S.Ct. 361 (2000) (emphasis omitted).  In Artuz, the prior state court motion
21 to vacate the judgment of conviction was therefore 'properly filed' even though the motion
22 contained claims that were procedurally barred under state law.  Id. at 11.

23       The Ninth Circuit relied on Artuz a few years later in Gaston v. Palmer, 417 F.3d
24 1030 (9th Cir. 2005)[4], as modified on other ground by 447 F.3d 1165 (9th Cir. 2006).  In Gaston,

---

[4] This opinion was submitted on September 10, 2003, withdrawn from submission on September 22, 2003, resubmitted on October 7, 2004, and filed on August 2, 2005.

the Ninth Circuit was confronted with a case nearly identical to the instant case, regarding the question of statutory tolling for a petition that was denied with citations to Swain and Duvall. The court noted that the California Supreme Court denial with citations to Swain and Duvall was in essence a denial without prejudice to the filing of a new petition which met the proper requirements for a petition, ie. fully supported allegations with sufficient documentary evidence. Id., at 1038-39. Therefore, the court held that, "Gaston's sixth state application's 'delivery and acceptance [was] in compliance with the applicable laws and rules governing filings,' it was 'properly filed' despite being procedurally flawed, and therefore may properly be used for purposes of § 2244(d)(2) tolling." Id. at 1039.

However, in 2005, the Supreme Court explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." The court in Pace distinguished Artuz, stating:

> For purposes of determining what are "filing" conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of "rule of decision" procedural bars at issue in Artuz, which go to the ability to obtain relief. Far from requiring "verbal gymnastics," it must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not "properly filed." [citation omitted]

Id.

In 2006, the Ninth Circuit issued an amended opinion in Gaston. 447 F.3d 1165 (9th Cir. 2006). The amended opinion was in light of the Supreme Court's opinion in Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006), with respect to the issue of interval tolling. The Ninth Circuit held that Gatson was not entitled to interval tolling, therefore the petition was untimely. Gaston, at 1167. The court also held, "[i]t is unnecessary for us to decide whether

Gaston's second, fourth, and sixth applications in state court were improperly filed within the meaning of Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Id. It was the sixth state application that involved the extended discussion in the original Gaston regarding if a Swain or Duvall denial could be considered properly filed for tolling purposes. As the amended Gaston opinion disclaimed that analysis, perhaps due to the Supreme Court's reasoning in Pace, it is no longer applicable and the undersigned cannot consider it. Nor has the undersigned found any case law, other than those relying on Gaston, concerning if a denial to Duvall or Swain with respect to lack of sufficient allegations and reasonably available documentary evidence, will be deemed a properly filed petition for statutory tolling purposes.

As discussed above, Pace stated that timeliness is a condition of filing, as it goes to the "very initiation of a petition and a court's ability to consider that petition . . ." Pace at 417. The Supreme Court continued, stating that "a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'" Id. With respect to an untimely petition, a court, in theory, could still look to the merits of the claims despite the untimeliness. Yet, Pace was absolutely clear, stating "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414.

Based on the discussion in Pace, the undersigned holds that when a petition's allegations are vague, conclusory and unsupported and/or fail to include copies of reasonably available documentary evidence, such a petition is not properly filed for purposes of statutory tolling. If timeliness is a condition of filing, so should be providing a sufficient petition. While an untimely petition at least contains sufficient allegations, an unsupported petition does not contain sufficient support for a court to review, even if the court chose to. If an untimely but complete petition is not properly filed, then a timely petition that cannot be reviewed is not properly filed.

The court in Pace stated that delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace at 413. It is reasonable for California courts to

insist that habeas petitions contain sufficient allegations and proper documentary evidence for the court to be able to review them.  The caselaw discussed above supports the notion that requiring a sufficient habeas petition is a filing requirement.  In the instant case, petitioner alleged that he was incompetent to plea and incompetent to make many other decisions due to a prior brain injury a couple of years before the instant events.  However, petitioner neglected to include the transcripts from his plea colloquy or competency hearing that are central to his claims.  Instead, petitioner presented conlcusory allegations with no support.  It is clear that the California Supreme Court could not rule on the merits of these claims without the supporting documentary evidence.  Petitioner was thus not in compliance with the rules and laws governing his filing with the California Supreme Court.

Moreover, the undersigned's holding is not contrary to Artuz.  In Artuz, the Supreme Court did not desire procedural bars associated with a claim itself, e.g., failure to object, to become filing requirements.  This is only logical as the procedural bar in such a situation has nothing to do with filing *per se*.  Attaching proper documentation has everything to do with a filing requirement.  Although a failure to present sufficient allegations to rule on the merits is more of a hybrid situation, it is most decidedly not a ruling on the merits as, for example, the failure to object ruling would be.

For all these reasons petitioner should not receive statutory tolling for the California Supreme Court petition.[5]  The last day to timely file the federal petition was August 21, 2010, and petitioner's federal petition filed April 14, 2011, is therefore untimely.[6]

---

[5] There are no arguments for equitable tolling.

[6] Even if the petition was timely filed, the claims are still unexhausted.  In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949).  A citation to Swain, like Duvall, stands for the proposition that a petitioner has failed to state his claim with sufficient particularity.  In Kim v. Villalobos, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e. lack of particularity, could be cured in a renewed petition.  799 F.3d at 1319.

However, in Kim v. Villalobos, the Ninth Circuit also stated that it was "incumbent"

8

1           Accordingly IT IS HEREBY RECOMMENDED that respondent's motion to
2   dismiss (Doc. 14) be granted and this case dismissed.
3           These findings and recommendations are submitted to the United States District
4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5   days after being served with these findings and recommendations, any party may file written
6   objections with the court and serve a copy on all parties.  Such a document should be captioned
7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8   shall be served and filed within fourteen days after service of the objections.  The parties are
9   advised that failure to file objections within the specified time may waive the right to appeal the
10  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2011

                              /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

GGH: AB
jone1006.mtd

---

of the court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court. Id at 1320. "The mere citation of In re Swain does not preclude such review." Id. Pursuant to Kim v. Villalobos the court will review petitioner's habeas petition filed in the California Supreme Court to determine whether his claims were fairly presented. A review of petitioner's claims indicates they were not fairly presented to the California Supreme Court as plaintiff had not included reasonably available documentary evidence to support the claims.